IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02934-WJM-MEH

UNITED STATES OF AMERICA for the use of EFCO CORPORATION,

Plaintiff,

v.

WESTERN SURETY COMPANY, a South Dakota corporation,
TOWER I CONSTRUCTION COMPANY, a Colorado corporation,
COLORADO COMMERCIAL GLASS, INC., a Colorado corporation, and
GREGORY J. EVANS,

Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 23, 2013.**

The Motion for Leave to Respond to Requests for Discovery and Motion to Withdraw or Amend Deemed Admissions filed by Defendants Western Surety Company and Tower 1 Construction Company [filed August 21, 2013; docket #54] is **denied without prejudice** for failure to comply with D.C. Colo. LCivR 7.1A, which states,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). Although Plaintiff's counsel informs callers that he will be out of the office until August 26, 2013, Defendants do not explain whether counsel is otherwise able to be contacted, i.e., by cellular phone or by email, and why Defendants could not wait to file the motion until Plaintiff's counsel's return. The Court reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail).