IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02934-WJM-MEH

UNITED STATES OF AMERICA for the use of EFCO CORPORATION,

    Plaintiff,

v.

WESTERN SURETY COMPANY, a South Dakota corporation,
TOWER I CONSTRUCTION COMPANY, a Colorado corporation,
COLORADO COMMERCIAL GLASS, INC., a Colorado corporation, and
GREGORY J. EVANS,

    Defendants.

---

# ORDER ON PENDING MOTIONS

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a Renewed Motion for Leave to Respond to Requests for Discovery and Motion to Withdraw or Amend Deemed Admissions [filed September 3, 2013; docket #58]. The matters are referred to this Court for disposition. (Docket #59.) The motion is briefed to the extent permitted by law and this Court's rules, and the Court finds that oral argument would not assist in its adjudication of the motion. For the reasons that follow, the Court **grants** the Defendants' motions as set forth herein.

**I.    Background**

Plaintiff EFCO Corporation ("EFCO") alleges that it supplied materials on an open account to Defendant Colorado Commercial Glass, Inc. ("Commercial"), which were incorporated into the construction of improvements on the Add/Alter Weapons Release Facility Building 850 at Buckley Air Force Base in Aurora, Colorado (the "Project). EFCO alleges that payment for the materials was guaranteed by Defendant Gregory Evans, Commercial's principal. Defendant Tower I Construction

Co. ("Tower") was the prime contractor for the Project and Defendant Western Surety Co. ("Western") was the surety that executed a payment bond on the Project. Under a subcontract, Commercial was to supply certain labor and materials, including those provided by EFCO, for the Project. EFCO asserts claims under the Miller Act on the bond against Western, on open account against Commercial, on a personal guarantee against Evans, for breach of a joint check agreement against Tower, and for unjust enrichment, quantum meruit, against Commercial, Evans and Tower.

Defendants Western and Tower (hereafter, referred to as "Defendants") deny EFCO's allegations, asserting that Tower had a subcontract with Commercial to provide and install portions of the Project, but when Commercial went out of business and failed to perform under its subcontract, Tower subcontracted with Skyline Glass to perform Commercial's work. Defendants believe that Skyline obtained some materials from Commercial and/or from EFCO. Nevertheless, Tower states that its contract contains a "pay when paid" provision and outstanding amounts remain to be paid on the Project. Thus, Tower contends it violated no joint check agreement with Plaintiff.

The present dispute arises from Motions for Summary Judgment filed by EFCO against Defendants on August 1, 2013 arguing primarily that Defendants both failed to respond timely to EFCO's discovery requests, including requests for admissions, and thus EFCO argues the admissions are deemed admitted. Dockets ## 48, 49. On August 21, 2013, Defendants filed a motion preceding the present motion, which was denied without prejudice on August 26, 2013 for failure to comply with D.C. Colo. LCivR 7.1A. Defendants filed the renewed present motion on September 3, 2013 claiming that they did not receive the discovery requests when sent by EFCO on June 27, 2013, and seeking an order permitting the discovery responses submitted to EFCO on August 21, 2013 (seven business days after receipt of the requests) to be deemed timely. Defendants claim that EFCO's certificate of service states that the discovery requests were served both by email and through the Court's ECF system, but EFCO's counsel has admitted that the requests were not

filed on the Court's system.

EFCO counters by attaching an affidavit from its counsel, Kevin Ellis, attesting that he sent the discovery requests to the same email address he and the Court have used for defense counsel, Jim Bain, since the inception of the case. Mr. Ellis asserts that he has never received an error message from an email sent to Mr. Bain and particularly no error message concerning the emailed discovery requests. Further, Mr. Ellis claims that the email was sent to both Mr. Bain and Defendant Evans; Mr. Evans then contacted Mr. Ellis on July 10, 2013 with questions about the discovery requests. Later, on July 25, 2013, Mr. Evans served his responses to the discovery requests by replying to both Mr. Ellis and Mr. Bain through Mr. Ellis' original email, which was attached. Thus, Mr. Ellis argues that, even if Mr. Bain did not receive the discovery requests on June 27, 2013 with the original email, he was alerted to the original email and discovery requests on July 25, 2013 with Mr. Evans' reply.

Further, Mr. Ellis asserts that copies of EFCO's discovery requests were attached to EFCO's August 1, 2013 motions for summary judgment filed with the Court; accordingly, Mr. Bain would have had notice and knowledge of the discovery requests at that time, rather than on August 12, 2013 as argued by Defendants. EFCO contends that the responses produced by Defendants are grossly inadequate and, thus, EFCO would suffer prejudice if such responses are deemed timely because it would be forced to file a motion to compel and, subsequently, another motion for summary judgment.

Although provided the opportunity to do so, Defendants did not file a reply brief in support of the present motion within the time allowed by D.C. Colo. LCivR 7.1C and 5.2E. The Court is now fully advised and will address each of the Defendants' requests for relief in turn.

II.     **Motion to Respond to Discovery**

The Court construes Defendants' motion as seeking an order accepting as timely their August 21, 2013 responses to Plaintiff's discovery requests.

Rule 33 governing interrogatories provides, in pertinent part, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories" (Fed. R. Civ. P. 33(b)(2)) and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). In addition, although not specifically stated in Fed. R. Civ. P. 34 governing the production of documents, "a failure to object to requests for production of documents within the time permitted by the federal rules has been held to constitute a waiver of any objection." *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (citing cases) (finding that objections first asserted 71 days after service of discovery requests and where no good cause for the delay was articulated were waived). Further, a failure to respond to requests for admissions will deem the matters set forth in the requests admitted. Fed. R. Civ. P. 36(a)(3).

Defendants claim that they did not receive EFCO's discovery requests when served by email on June 27, 2013. The Court finds that EFCO utilized a proper method of service by sending the discovery requests to Defendants by email at the addresses listed in the record. However, the Court also acknowledges that computers are imperfect (as are all modes of delivery) and that it is possible defense counsel did not receive an email sent to his correct address for some unexplained reason. Assuming such non-receipt to be true, the Court nevertheless agrees with EFCO that Defendants had notice of the existence of the discovery requests on July 25, 2013 and full access to the discovery requests when copies were filed in this case on August 1, 2013 with EFCO's motions for summary judgment. *See* July 25, 2013 Email, docket 62-3; Motions for Summary Judgment, dockets ## 48, 49. Defendants contend that EFCO should have conferred with them first before filing the dispositive motion; at the same time, however, there is no indication that Defendants attempted to

4

confer with EFCO on July 25, 2013 (before the dispositive motion was filed) when they received Mr. Evans' email replying to Mr. Ellis' email and the discovery requests or upon receipt of the notice of electronic filing of the summary judgment motions on August 1, 2013. The Court finds both parties at fault for failures to confer; had either of them attempted to contact the other when the issue came to light, it is likely no Court intervention would be necessary.

Nevertheless, the Court must determine whether good cause exists for accepting Defendants' August 21, 2013 discovery responses. Typically, the "good cause" standard requires the moving party to show that despite his diligent efforts, he could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *see also* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

Defendants argue that, once counsel received the discovery requests on August 12, 2013, he was diligent in submitting Defendants' responses within seven business days thereafter on August 21, 2013. The Court has already determined that Defendants likely had notice and knowledge of the discovery requests as early as July 25, 2013 and/or August 1, 2013, but, considering that the response time to properly served requests is 33 days, the Court finds that the timing of Defendants' responses is acceptable.

However, EFCO raises an issue that the Court finds concerning: Western's discovery responses were certified under oath by the President of Tower Construction, Joseph Ekstrom. *See* docket #54-5 at 23. Western provides no explanation nor indication that Mr. Ekstrom has the authority to certify discovery responses on behalf of Western Surety Co. in this case; therefore, the Court is not convinced that good cause exists to accept Western's discovery responses as submitted.

As to EFCO's other concerns regarding the adequacy of certain of Defendants' responses,

5

EFCO fails to identify specific inadequate responses and its objections to them. Accordingly, the Court has insufficient information to determine whether Defendants' responses are inadequate. Finally, EFCO's concern that it will suffer prejudice in being "forced" to file a motion to compel is not persuasive; had Defendants filed these same responses following receipt of the discovery requests in June, EFCO likely would have felt it necessary to file a motion to compel at that time as well. Here, EFCO has secured an extension of time within which to file amended dispositive motions, if necessary. Order, docket #61. And, to ensure justice throughout the process, this Court would entertain a motion to reopen discovery for a limited purpose. Therefore, the Court perceives no prejudice to EFCO with the acceptance of Tower's August 21, 2013 discovery responses.

### III.     Motion to Withdraw or Amend Deemed Admissions

As set forth above, due to the uncertainty whether Mr. Ekstrom has the authority to sign Western's discovery responses under oath, the Court must conclude Western has failed to respond timely to EFCO's requests for admissions and the requests are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). However, Rule 36(b) allows a court to withdraw or amend the deemed admissions on motion and a showing that "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

The first prong of the Rule 36(b) test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir. 2005) (internal quotations and citation omitted). The second prong of the test requires the non-moving party to "show that it would be prejudiced by the withdrawal of [the] admissions." *Id.*

"Mere inconvenience does not constitute prejudice for this purpose." *Id.* Rather,

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required. ... The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

*Id.* (internal quotations and citations omitted).

Consideration of Rule 36(b)'s two-pronged test leads me to conclude that any admissions, which may have been deemed admitted by Western's conduct, should be withdrawn and Western should be allowed to substitute its written responses submitted on August 21, 2013. Certainly, Western's responses were signed by its attorney as required by Rule 36(a)(3); however, EFCO is entitled to have a set of responses submitted by an authorized representative under oath. Therefore, on or before October 24, 2013, Western shall supplement its responses with an affidavit either by an authorized representative of Western or by Mr. Ekstrom affirming his authority to sign the responses as an authorized representative.

With respect to Rule 36(b)'s test, the Court finds that enforcing the deemed admissions would practically eliminate any presentation of the merits of EFCO's claims against Western. For instance, deeming certain requests admitted would remove from controversy several ultimate issues of fact including the scope of the relationships between EFCO and the Defendants in this case, the date on which EFCO supplied the last of the material, and whether EFCO fully performed under any contractual relationships. *See* Plaintiff's Requests for Admissions of Fact, docket #49-1 at 6-7.

In addition, as set forth above, the Court finds that EFCO has failed to establish that it will suffer any viable prejudice in maintaining its claims against Western on the merits if the admissions are allowed to be withdrawn. EFCO makes no argument that it will be prejudiced in its ability to bring claims against Western based upon alleged deficiencies. In fact, the Court perceives no

prejudice here; EFCO secured an extension of time to file an "amended" summary judgment motion, this Court would entertain any motion to reopen discovery for a limited purpose, and there appears to be nothing preventing EFCO from presenting its theory(ies) regarding the truth of Western's admissions, or denials thereof, in his case.

## IV.     Conclusion

The Court finds good cause to accept as submitted Defendant Tower's August 21, 2013 responses to EFCO's discovery requests and to withdraw any admissions deemed admitted; however, Western failed to demonstrate good cause for the Court to accept its submitted responses to EFCO's discovery requests and there is no indication that the signature on the August 21, 2013 responses has been corrected or amended in any way.  Therefore, the facts set forth in EFCO's requests for admissions to Western would be deemed untimely and admitted pursuant to Fed. R. Civ. P. 36.  However, the Court concludes that Western's admissions should be deemed withdrawn to promote resolution of the claims on their merits.  Accordingly, the Court **grants** the Defendants' Renewed Motion for Leave to Respond to Requests for Discovery and Motion to Withdraw or Amend Deemed Admissions [filed September 3, 2013; docket #58].  On or before October 24, 2013, Western shall supplement its responses with an affidavit executed either by an authorized representative of Western or by Mr. Ekstrom affirming his authority to sign the responses as an authorized representative.  Any failure by Western to comply with this order may result in sanctions against it.

Dated at Denver, Colorado, this 17th day of October, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge